¶ 1 I respectfully dissent from the disposition of this case by the majority.
 {¶ 2} Ohio Revised Code Sec. 2151.231 states clearly that " the person with whom a child resides, or the child support enforcement agency of the county in which the child resides may bring an action in a juvenile court or other court of jurisdiction under this section requesting the court to issue an order requiring a parent of the child to pay an amount for the support of the child without regard to the marital status of the child's parents."
 {¶ 3} I would not find that O.R.C. Sec. 3119.07(C) forecloses the action set forth in O.R.C. Sec. 2151.231.
 {¶ 4} Having stated my dissent, I would like to point out that one of the statutes relied upon by the appellant, to support the argument that a non-legal custodian caretaker has standing to bring a child support action, appears to be inapplicable to the facts of the case sub judice.
 {¶ 5} Ohio Revised Code Sec. 3111.78 states that the person with whom a child resides is one of the persons who may take action to require a man to pay support if the man is presumed to be the natural father of the child under section 3111.03 of the Revised Code. (Emphasis added.) This section authorizes support against a man only, and only if that man is presumed to be the natural father. The appellant's own statement of facts in its brief indicates that "Ryan Sanders is the natural and legal father of McKenna Sanders as he signed an Acknowledgment of Paternity on November 5, 1999, which as not been rescinded." The appellant does not indicate that Ryan Sanders is the presumed natural father. (See ORC Sec.3111.03).